UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| Brendan P. Boyle and Marcos Luis De Oliveira,<br><br>Plaintiffs,<br>v.<br><br>Joseph B. Edlow, Director, U.S. Citizenship and Immigration Services,<br><br>Defendant. | Case No. 2:26-cv-2446 |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR RELIEF UNDER THE ADMINISTRATIVE PROCEDURE ACT**

**INTRODUCTION**

1. More than five years ago, Plaintiff Brendan P. Boyle, a United States citizen, filed Form I-130, Petition for Alien Relative, with U.S. Citizenship and Immigration Services ("USCIS") on behalf of his spouse, Plaintiff Marcos Luis De Oliveira. USCIS received the petition on August 12, 2021, issued a receipt notice the following day, and has not acted on Plaintiffs' petition since. USCIS has not identified any deficiencies with the petition or requested additional evidence. Likewise, USCIS has not scheduled an interview or provided Plaintiffs with a timeline for when to expect a decision. USCIS's failure to issue a decision in more than five years is unreasonable.

2. While Plaintiffs have been patient, they have also been proactive in their attempts to receive a decision. They submitted extensive additional evidence of their marriage through USCIS's online portal without being asked, filed three service requests, and sought the assistance of a United States Senator. USCIS answered each with form language and still failed to issue Plaintiffs a decision. In February 2025, the agency told the Senator's office that the petition was "within USCIS's current processing time." By then, the petition had been pending three and a half years. USCIS publishes 24 months as the period within the agency completes 80% of Form I-130 petitions in the immediate relative classification.

3. USCIS's delay is not only a hardship for Plaintiffs. It has resulted in the prospect of separation, instability, and significant disruption to their lives. On July 1, 2026, USCIS issued a Notice to Appear placing Mr. De Oliveira in removal proceedings, and his next master calendar hearing is set for October 29, 2026, before the Miami Immigration Court. Mr. De Oliveira has a pending adjustment of status application that cannot be decided without an adjudication on Plaintiffs' I-130 petition. Adjustment of status to lawful permanent residence is Mr. De Oliveira's basis for relief in his removal proceedings. Without a decision on the I-130 petition, Mr. De Olivera is likely to be ordered removed if his bona fide petition continues to languish before USCIS.

4. The duty Plaintiffs seek to compel here is not discretionary. Congress directed that USCIS "shall" investigate the facts of each petition and approve it if the beneficiary qualifies, 8 U.S.C. § 1154(b), and the Administrative Procedure Act ("APA") requires that "within a reasonable time, each agency shall proceed to conclude a matter presented to it," 5 U.S.C. § 555(b). USCIS must make an I-130 determination, and the decision is not subject to any discretion. If USCIS finds that the facts stated in the petition are true and that the beneficiary is the spouse of a United States citizen, it must approve the petition. 8 U.S.C. § 1154(b).

5. Accordingly, Plaintiffs bring this suit under the APA, and, in the alternative, under the Mandamus Act to compel a decision. They do not ask this Court to direct any particular outcome with respect to the I-130.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States, including the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 *et seq.*, and the APA, 5 U.S.C. §§ 701–706. The APA supplies a cause of action to a person "adversely affected or aggrieved by agency action," and waives sovereign immunity as to claims seeking relief other than money damages. 5 U.S.C. § 702.

7. USCIS's failure to adjudicate the petition is reviewable agency action. The APA defines "agency action" to include an agency's "failure to act,"

5 U.S.C. § 551(13), and directs a reviewing court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). The adjudication Plaintiffs seek is a discrete agency action USCIS is required to take. *See Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004).

8. No jurisdiction-stripping provision applies. 8 U.S.C. § 1252(a)(2)(B)(ii) bars review only of decisions "specified under this subchapter to be in the discretion of" the Secretary. No provision of the INA commits the timing or adjudication of an I-130 to Defendant's discretion. *See Bouarfa v. Mayorkas*, 604 U.S. 6, 9–10 (2024). Plaintiffs challenge only the failure to issue a decision. In the alternative, this Court has jurisdiction under the Mandamus Act, 28 U.S.C. § 1361, and it may grant declaratory relief under 28 U.S.C. §§ 2201–2202 and injunctive relief under 5 U.S.C. § 706.

9. Venue is proper under 28 U.S.C. § 1391(e)(1) because Defendant is an officer of the United States sued in his official capacity and Plaintiffs reside in Lee County, Florida, within this District. Assignment to the Fort Myers Division is proper under Local Rule 1.04(b) because Lee County lies within that Division.

## PARTIES

10. Plaintiff Brendan P. Boyle is a citizen of the United States and resides in Fort Myers, Lee County, Florida. He is the petitioner on the Form I-130 at issue.

11. Plaintiff Marcos Luis De Oliveira is a native and citizen of Brazil and the spouse of Mr. Boyle. He is the beneficiary of the Form I-130 at issue. He resides in Fort Myers, Lee County, Florida with his spouse, Mr. Boyle.

12. Defendant Joseph B. Edlow is the Director of USCIS, the component of DHS charged with adjudicating Forms I-130. In his capacity as Director, Defendant Edlow is responsible for the administration of the immigration laws and regulations and for the conduct of the USCIS officers and service centers that carry out these functions. He is sued in his official capacity.

## STATUTORY AND REGULATORY FRAMEWORK

13. The INA classifies the spouse of a United States citizen as an "immediate relative." 8 U.S.C. § 1151(b)(2)(A)(i). Unlike the family preference categories, immediate relatives are exempt from annual numerical limitation and from per-country ceilings. *See id.* §§ 1151(b), 1152(a)(2), 1153(a). Thus, an immediate relative does not need an immigrant visa number and they are not subject to numerical limitations that govern when a petition may be reached.

14. A U.S. citizen seeking immediate relative classification for a spouse files Form I-130. 8 U.S.C. § 1154(a)(1)(A)(i); 8 C.F.R. §§ 204.1(a)(1), 204.2(a). Congress made adjudication mandatory. "After an investigation of the facts in each case . . . the [Secretary] shall, if he determines that the facts stated in the petition are true and that the alien . . . is an immediate relative .

. . , approve the petition." 8 U.S.C. § 1154(b). Those determinations are mandatory, not discretionary. *See Bouarfa*, 604 U.S. at 9–10. If the record is insufficient, USCIS may request additional evidence or issue a notice of intent to deny, 8 C.F.R. § 103.2(b)(8), and it may require an interview, 8 C.F.R. § 103.2(b)(9). USCIS has not employed any of these mechanisms in Plaintiffs' case.

15. The APA independently obligates agencies to act within a reasonable time. "With due regard for the convenience and necessity of the parties . . . and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). Congress has separately declared that "the processing of an immigration benefit application should be completed not later than 180 days after the initial filing." 8 U.S.C. § 1571(b). That provision does not impose an enforceable deadline by its own terms, but it reflects the timetable Congress contemplated and supplies content for the rule of reason.

16. USCIS also publishes processing times by form type, form category, and adjudicating office. A published processing time is retrospective and reflects how long it takes USCIS to complete 80% of adjudicated cases over

the past six months. *See* USCIS, Check Case Processing Times, https://egov.uscis.gov/processing-times/ (last visited August 27, 2026). [1]

## FACTUAL ALLEGATIONS

### *A. The Petition*

17. Mr. Boyle and Mr. De Oliveira married on May 21, 2021, in Fort Myers, Florida. Their marriage was entered into in good faith and not for the purpose of evading the immigration laws. After more than five years, Plaintiffs' marriage remains intact.

18. On August 12, 2021, Mr. Boyle filed Form I-130 with USCIS on behalf of Mr. De Oliveira, through his counsel at the time. USCIS received the petition that day and issued a Notice of Action, dated August 13, 2021. See Exhibit A, Receipt Notice. The notice assigns receipt number IOE0913013218 and identifies the I-130 classification as "201 B INA SPOUSE OF USC." *Id.* Mr. Boyle paid the $535.00 filing fee in full. *Id.*

19. With the petition, Plaintiffs included initial evidence USCIS requires for a spousal petition, including proof of Mr. Boyle's U.S. citizenship, the couple's marriage certificate, photos, and evidence of Plaintiffs' bona fide

---

[1] The only processing time USCIS publishes for the National Benefits Center, where USCIS claims Plaintiffs' petition was pending, is calculated "specifically for adoption-based Form I-130s." *See* USCIS, Check Case Processing Times Notes, https://egov.uscis.gov/processing-times/ (last visited August 27, 2026). Plaintiffs' petition is not an adoption-based petition.

marriage. Separately, without any request from USCIS, Plaintiffs submitted extensive additional evidence of their marital relationship through USCIS's online portal, including joint financial records, tax returns, evidence of joint business and home ownership, utility bills, and photos documenting their lives together.

20. USCIS has never issued a Request for Evidence or a Notice of Intent to Deny in connection with the petition, has never scheduled an interview, and has never identified any deficiency in the petition or the evidence. The petition remains pending at the USCIS National Benefits Center, and as of the filing of this Complaint it has been pending more than five years.

21. USCIS publishes a single processing time for Form I-130 petitions in the immediate relative classification. Its processing-times tool reports that 80% of cases are completed within 24 months. Exhibit B, USCIS Processing Times. USCIS explains that it "post[s] one processing time for any Service Center location that processes Form I-130 Petition for Alien Relative, specifically for Immediate Relative (IR) classification," and that it keeps these requests in an electronic system that allows [it] generally to assign adjudication-ready cases in the order USCIS receives them. *Id.*

22. USCIS received Plaintiffs' petition on August 12, 2021. It has been pending for more than 60 months, which is more than two and a half times the period USCIS publishes for petitions in this classification.

### *B. Plaintiffs' Efforts to Obtain a Decision*

23. On January 12, 2024, Plaintiffs' then-counsel submitted a service request reporting that the petition was outside normal processing times. Exhibit C, I-130 Inquiries. On January 22, 2024, USCIS responded by letter and advised that USCIS "cannot confirm or deny the existence of your petition or application over the phone, in email, or through a service request," and directed counsel to submit a written inquiry with an original signature. *Id.*

24. On February 17, 2024, Mr. Boyle submitted his own service request, again indicating that the petition was outside normal processing times. *Id.* On February 22, 2024, USCIS responded by letter and repeated the same form language from January 12, 2024. *Id.*

25. On October 11, 2024, Mr. Boyle submitted a further inquiry through the USCIS Contact Center, again identifying the issue as processing outside normal times. *Id.* On October 30, 2024, USCIS responded by email stating that it was "working diligently" to process the case, and that "it may take longer to provide you with a final adjudicative decision." *Id.* The email did not provide a timeline for adjudication. *Id.*

26. Having obtained no decision through USCIS's own channels, Mr. Boyle sought assistance from the office of United States Senator Rick Scott. *Id.* On February 28, 2025, Senator Scott's office forwarded USCIS's response, in which USCIS wrote that "this case is pending at the National Benefit Center and is within USCIS's current processing time," and that "[o]nce further action is taken, a notice will be sent to the address of record." *Id.* By that time, the petition had been pending three years and six months.

27. More recently, on July 29, 2026, Plaintiffs' immigration counsel emailed USCIS inquiring about the status of the petition and explaining Plaintiffs' efforts to receive a decision. Exhibit D, Attorney Email. Although counsel provided USCIS with Form G-28 to enter her appearance on Plaintiffs' petition, USCIS responded that it was "unable to share any information about this application" with counsel. *Id.*

28. Despite Plaintiffs' efforts, USCIS has failed to take any action on the petition. Over the five years the petition has been pending, USCIS has only produced a receipt notice and a series of form responses, and no decision.

***C. The Consequences of the Delay***

29. On July 1, 2026, USCIS issued Mr. De Oliveira a Notice to Appear, placing him in removal proceedings. Exhibit E, Notice to Appear. The Notice to Appear was signed by a USCIS Supervisory Immigration Services Officer in Long Island City, New York. *Id.* Thus, the agency that placed Mr. De Oliveira

in removal proceedings is the same agency that has left Plaintiffs' petition undecided for years. And it is the same agency with a statutory mandate to adjudicate I-130 petitions. After one continuance at the request of DHS, Mr. De Oliveira's master calendar hearing is scheduled for October 29, 2026, before the Miami Immigration Court. Exhibit F, Notice of Hearing.

30. An approved Form I-130 is the predicate for Mr. De Oliveira's application for adjustment of status under 8 U.S.C. § 1255, and the immigration judge has exclusive jurisdiction over that application. 8 C.F.R. § 1245.2(a)(1). Meanwhile, USCIS has exclusive jurisdiction over the I-130 petition. *See* 8 C.F.R. §§ 1003.14, 1240.1(a), 204.1(a)(1).

31. Because USCIS has not adjudicated the petition, Mr. De Oliveira cannot receive a decision from an immigration judge on his pending adjustment of status application. USCIS's silence deprives Mr. De Oliveira of a decision on his petition for which he is statutorily entitled to receive and his adjustment of status application depends. USCIS's conduct exposes him to removal and significant disruption to Plaintiffs' lives, while the petition that would establish his eligibility to remain sits undecided. That harm is neither speculative nor remediable after the fact.

32. USCIS's inaction has also injured Mr. Boyle. Congress exempted the spouses of United States citizens from numerical limitation precisely so that citizens would not be made to choose between their country and their

spouse. USCIS has withheld that benefit from Mr. Boyle for five years and now threatens him with his spouse's removal. He has meanwhile done everything USCIS asks of a petitioner, and nothing further remains within his power to obtain a decision.

## CAUSES OF ACTION

### COUNT I
### Agency Action Unlawfully Withheld and Unreasonably Delayed
### 5 U.S.C. §§ 555(b), 706(1)

33. Plaintiffs reallege and incorporate by reference each preceding paragraph as though fully set forth herein.

34. The APA directs that a reviewing court "shall . . . compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). A claim under § 706(1) lies where a plaintiff asserts that an agency "failed to take a *discrete* agency action that it is *required to take*." *Norton*, 542 U.S. at 64 (emphasis in original).

35. Adjudication of a Form I-130 is a discrete agency action, and Defendant is required to take it. 8 U.S.C. § 1154(b); 5 U.S.C. § 555(b). Neither the timing of that adjudication nor the determinations it requires is committed to Defendant's discretion. 8 U.S.C. § 1154(b). Defendant has unreasonably delayed and unlawfully withheld adjudication of Plaintiffs' I-130 petition.

36. In evaluating whether agency delay is unreasonable, district courts within this Circuit look for guidance from the six factors identified in

*Telecommunications Research & Action Center v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984) ("TRAC"). Each supports Plaintiffs here.

37. ***Rule of reason and congressional timetable (factors one and two)***. USCIS has stated the rule by which it says it sequences these petitions. It assigns "adjudication-ready cases in the order USCIS receives them," and it indicates that 24 months is the period within which it completes 80% of Form I-130 petitions in the immediate relative classification. Exhibit B. Measured against USCIS's own rule, Plaintiffs' petition sits far outside it. USCIS received the petition on August 12, 2021, more than 60 months ago, and more than two and a half times the period USCIS publishes. USCIS has never stated that the petition is not adjudication-ready, has never requested anything from Plaintiffs, and has never identified any outstanding action for Plaintiffs to take. Because an immediate-relative petition is exempt from numerical limitation, unavailable visa number and statutory backlog cannot account for the delay here. 8 U.S.C. § 1151(b)(2)(A)(i).

38. USCIS's only substantive statement—that after three and a half years the petition remained "within USCIS's current processing time"—cannot be squared with the twenty-four-month period USCIS publishes for petitions in this classification. A rule of reason an agency announces but does not follow does not render a five-year delay reasonable. Instead the departure from the rule of reason measures the delay's unreasonableness. Congress indicated that

it expected such applications to be processed within 180 days. 8 U.S.C. § 1571(b). This petition has been pending more than ten times that period.

39. ***Human health and welfare and the interests prejudiced (factors three and five)***. Delays that might be tolerable in the sphere of economic regulation are less tolerable when human health and welfare are at stake. *TRAC*, 750 F.2d at 80. The interests here are not economic. Mr. De Oliveira faces a master calendar hearing in October 2026 and the prospect of removal without the approved petition on which his relief depends. Mr. Boyle faces having his stability upended and the removal of his spouse. That harm grows more likely with each month USCIS does not act.

40. ***Effect on competing agency priorities (factor four)***. An order compelling adjudication would not displace any competing priority or advance Plaintiffs ahead of applicants awaiting a limited resource, because immediate-relative petitions are not subject to numerical limitation. By USCIS's own account, adjudicating this petition would not move Plaintiffs ahead of anyone. USCIS assigns these cases in the order it receives them, and it received Plaintiffs' petition in August 2021. Exhibit B. Nor would deciding this petition demand unusual agency resources because USCIS has not identified any issues with Plaintiffs' evidence, has not requested additional information, and has had the complete record before it for years.

41. ***No impropriety required (factor six)***. Plaintiffs do not allege bad faith and such an allegation is not necessary. A court "need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed." *TRAC*, 750 F.2d at 80 (citation and internal quotation marks omitted).

42. Taken together, the *TRAC* factors establish that Defendant has unreasonably delayed a discrete, mandatory agency action in violation of 5 U.S.C. §§ 555(b) and 706(1). To the extent any factor cannot be resolved on the pleadings—including the existence, order, and operation of any processing queue, matters within Defendant's exclusive knowledge—that is a reason to permit the case to proceed rather than to dismiss it. Plaintiffs are entitled to an order compelling Defendant to adjudicate the petition.

## COUNT II
## In the Alternative, Relief Under the Mandamus Act
## 28 U.S.C. § 1361

43. Plaintiffs reallege and incorporate by reference each preceding paragraph as though fully set forth herein, and plead this Count in the alternative to Count I.

44. The Mandamus Act vests district courts with "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus is available where the plaintiff has a

clear right to the relief requested, the defendant owes a clear duty to act, and no other adequate remedy is available. *Cash v. Barnhart*, 327 F.3d 1252, 1258 (11th Cir. 2003).

45. Plaintiffs have a clear right to a decision. Mr. Boyle filed a complete petition for a classification the INA expressly recognizes and paid the required fee, and neither the INA nor USCIS's regulations condition his entitlement to an adjudication on anything further. Defendant, in turn, owes a clear, nondiscretionary duty to adjudicate. 8 U.S.C. § 1154(b); 5 U.S.C. § 555(b). That duty runs to Mr. Boyle as the petitioner and to Mr. De Oliveira as the beneficiary, whose eligibility for relief in his removal proceedings depends on its performance.

46. Plaintiffs have no other adequate remedy. USCIS does not provide an administrative appeal from the agency's failure to act and there is no procedure by which a petitioner may compel a decision. Moreover, whether USCIS grants an expedite request lies within the agency's discretion. Plaintiffs pursued every avenue USCIS makes available and have not received a decision or a timeline.

47. To the extent this Court concludes that the APA affords Plaintiffs an adequate remedy, Plaintiffs proceed under Count I. To the extent it concludes otherwise, relief in the nature of mandamus lies and Plaintiffs have satisfied each requirement for it. Equitable considerations favor the writ

because Plaintiffs have complied with every requirement USCIS imposes. They have waited over five years and now face the prospect of Mr. De Olveira receiving a removal order before USCIS acts.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

a. Assume jurisdiction over this matter;

b. Declare that Defendant's failure to adjudicate the Form I-130 is agency action unlawfully withheld and unreasonably delayed under 5 U.S.C. §§ 555(b) and 706(1);

c. Compel Defendant to adjudicate the petition within fourteen (14) days of the Court's order;

d. In the alternative, issue a writ in the nature of mandamus under 28 U.S.C. § 1361 compelling the same;

e. Retain jurisdiction over this action until Defendant has fully complied with the Court's order;

f. Award Plaintiffs their costs and reasonable attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, and any other applicable authority; and

g. Grant such other and further relief as the Court deems just and proper.

Dated: August 28, 2026 Respectfully submitted,

/s/ Martin D. Rosenow
Martin D. Rosenow (FL Bar No. 1002592)
Rosenow Taramasco, P.A.
3336 Virginia Street
Coconut Grove, FL 33133
Phone: (305) 856-0058
mdr@rosenowlaw.com

/s/ Alexa S. White
Alexa S. White (CA Bar No. 343072)
Millicent Law Group, LLC
2451 Crystal Drive, Suite 600
Arlington, VA 22202
Phone: (202) 948-7948
alexa@millicentlaw.com
(*Application for special admission forthcoming*)

*Counsel for Plaintiffs*